PER CURIAM:
*208 Claimant brought this action for damage which occurred when his 2003 Harley Davidson Low Rider motorcycle struck a hole as he was traveling northbound on W. Va. Route 34 in Putnam County. W. Va. Route 34 is a road maintained by respondent in Putnam County. The Court is of the opinion to make an award in this claim for the reasons more folly set foith below.
The incident giving rise to this claim occurred at approximately 5:00 p.m on November 24, 2003, a clear day. W. Va. Route 34 is a two-lane road that was under construction to widen the roadway at the time of the claimant’s accident. Mr. Manoni was on his way home the afternoon of the incident, and was driving around five to ten miles per hour because traffic was stopping for a vehicle making a left turn. As claimant was proceeding slowly on the road, his motorcycle struck a hole that he had not seen. The hole was described by Mr. Manoni as being about four* to six inches deep, a foot to a foot- and-a-half wide, and a foot to a foot-and-a-half long. Upon striking the hole, the motorcycle “bucked” causing Claimant to drop the motorcycle. Claimant’s motorcycle sustained damage in the amount of $3,170.68. Claimant’s insurance deductible was $500.00 for which he is making this claim.
The position of the respondent was that it did not have notice of the hole on W. Va. Route 34. Respondent admitted that the area in question had been prone to having holes in the roadway due to the ongoing construction. Danny Tucker, Foreman for respondent in Putnam County, testified that the construction being done on W. Va. Route 34 was not being done by respondent’s own employees, but rather was being performed by contractors. Mr. Tucker testified that respondent would attempt to patch any holes that they came upon in traveling the road in the construction zones, traffic permitting. Mr. Tucker testified that there were no telephone calls to respondent’s office concerning the existence of the hole in question in this claim. Respondent also sent inspectors out to the construction site to ensure that the roads were passable for the traveling public. Respondent maintains that there was no prior notice to respondent of this hole on W. Va. Route 34.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In tire present claim, the Court is of the opinion that respondent had the responsibility to ascertain that W. Va. Route 34 was passable for the traveling public. Respondent has inspectors who are responsible for the conditions in construction sites and who oversee a contractor’s maintenance of the roadways. In the instant claim, respondent was aware of the ongoing construction in the area, and it was also aware that the roadway was more apt to have holes in the pavement due to the construction activities. Thus, the Court concludes that respondent was negligent in its maintenance of W. Va. Route 34 on the date of claimant’s accident, and further, that claimant may make a recovery for the damage to his motorcycle.
*209 In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award this claim in the amount of $500.00.
Award of $500.00.